UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE (BROWARD COUNTY DIVISION)

CASE NO. 06-61762-CIV-DIMITROULEAS
Magistrate Judge Seltzer

WASHINGTON MUTUAL BANK, F.A.,
     Plaintiff,

v.

HELIR ARLOTTA, PASCAL A. ARLOTTA,
JOHN DOE & JANE DOE AS UNKNOWN
TENANTS IN POSSESSION OF THE PROPERTY,
     Defendants.

<u>FIRST AMENDED ANSWER & COUNTERCLAIM UNDER SEC RULE 10-b5</u>

1.     Pursuant to FRCP Rule 15(a), Defendant and Removing Party Helir Arlotta exercises her right to Amend "once as a matter of course" to include the signature and answer of her co-Defendant Pascal A. Arlotta and accordingly files this her First Amended Answer to Plaintiff's Second Amended Complaint filed under the State (Broward County) Cause No. CACE 06017411, continuing and reiterating her complaint that this Court should order the Defendants to respect the jurisdiction of this Court in that all Defendants were duly and properly notified of Defendant Helir Arlotta's removal of the above-entitled action to this Court.

2.     Defendant Helir Arlotta properly and timely removed this Cause from the 17th Judicial Circuit in and for Broward County, Florida, on or about November 18, 2006, with the knowledge, consent, and agreement of co-Defendant Pascal A. Arlotta, but Plaintiff Washington Mutual Bank, F.A., and co-Defendant Sun Trust continue to file their pleadings in the 17th Judicial Circuit in and for Broward County for reasons best known to and understood by the Plaintiff Washington Mutual Bank, F.A.

3.      Neither Plaintiff Washington Mutual nor co-Defendant Sun-Trust have filed any

objections to Defendant Helir Arlotta's Notice of Removal nor filed motion for remand and the

30 day time period allowed for filing such a notice has now expired, although this Court has sua

sponte rendered an order to show cause why this case should not be remanded to State Court, to

which Defendant Helir Arlotta has objected, and the Court has granted additional time to the

Defendant to brief her objections fully, until January 9, 2007.

4.      Defendants Helir and Pascal Arlotta now answers Plaintiff's Second Amended

Complaint according to the Counts and paragraphs as numbered in Washington Mutual Bank's

said Second Amended Complaint, reserving the right to file Motions pursuant to Rules 11, 12(b)

and 56 of the Federal Rules of Civil Procedure regarding the legal sufficiency of Plaintiff's

Complaint.

5.      Conjoined with this First Amended Answer, Plaintiffs Helir Arlotta and Pascal A. Arlotta

also file their Counterclaim against Plaintiff Washington Mutual Bank, F.A., alleging a cause of

action for violations of SEC Rule 10(b)(5), reserving their rights to Amend their Counterclaim

and add a cross-claim against co-Defendant Sun Trust Bank.

PLAINTIFF'S COUNT I: "Reestablish a promissory note"

1.      Defendants admit that Plaintiff's Count I is an action to reestablish a promissory note, but

denies that Plaintiff Washington Mutual has fulfilled or ever can or could fulfill the requirements

of Florida Statutes Section 673.3091

2.      Admitted.

3.      Denied; Defendants Helir Arlotta and Pascal A. Arlotta allege by way of both an

affirmative defense to F.S. §673.3091 and as a counterclaim for violations of SEC Rule 10-b5,

and will show that Plaintiff Washington Mutual sold her note into a securitized bundle without

giving the Defendants Helir and Pascal A. Arlotta any credit for or notice of the sale, as required by all applicable principles of law and equity.

4.      Denied; Plaintiff's allegation of lost note (aka "Security Instrument", see Plaintiff's Exhibit "Mortgage" attached to Second Amended Complaint---the note which Plaintiff asks this court to "re-establish") is made in bad faith in violation of FRCP Rule 11.

5.      Denied; Plaintiff's allegation of lost note (aka "Security Instrument", see Plaintiff's Exhibit "Mortgage" attached to Second Amended Complaint---the note which Plaintiff asks this court to "re-establish") is made in bad faith in violation of FRCP Rule 11.

6.      Denied; Plaintiff's allegation of lost note (aka "Security Instrument", see Plaintiff's Exhibit "Mortgage" attached to Second Amended Complaint---the note which Plaintiff asks this court to "re-establish") is made in bad faith in violation of FRCP Rule 11.

7.      Defendants Helir and Pascal A. Arlotta have no information, nor any extra-judicial means of discovering any information, which would permit them to admit or deny whether Plaintiff could now reasonably obtain possession of the promissory note, but see Defendants' Answers to ¶¶4-6.

8.      Defendants are without information to admit or deny the allegations of Count I, ¶8.

9.      Defendants object that ¶8 is argumentative, and an improper allegation of fact, impossible for Defendants to admit or deny.

      Defendants pray that the Court will deny Plaintiff's "demand" to "re-establish the Los Promissory Note" and will sustain their Counterclaim for Violations of SEC Rule 10b-5 below.

## COUNT II: "Mortgage Foreclosure"

10.     Defendants Helir and Pascal A. Arlotta admit that Plaintiff Washington Mutual Bank, F.A., is seeking to foreclose on real property located in BROWARD County, Florida, but Defendants deny that Plaintiff has any right or standing to sue for foreclosure, in that Plaintiff has already admitted that it does not hold Defendant's promissory note and will not have standing unless the Court "reestablishes" Plaintiff's note which Defendants allege and will prove by competent evidence, including Plaintiff's own exhibit attached to its Second Amended Complaint, which contains the title or denomination, "This Mortgage ('Security Instrument'), that Plaintiff did not just "innocently" lose because Banks do not lose promissory notes (or other valuable "Security Instruments") down the kitchen sink garbage disposal.

11.     Defendants Helir Arlotta and Pascal A. Arlotta admit that Helir executed, Pascal as her husband waived interest, and Helir then delivered a promissory note to Washington Mutual Bank, but Defendants specifically deny that her husband Pascal Arlotta executed or delivered this or any such note in connexion with this transaction; rather, Pascal Arlotta merely waived his interest in the note.

12.     Denied.  Plaintiff has already admitted that it does not hold the mortgage and Defendants deny and will prove that Plaintiff has no right to collect the mortgage.

13.     Admitted.

14.     Denied.

15.     Denied.

16.     Denied.

17.     Defendants are without information or readily accessible, extra-judicial source of information, regarding the contract between Plaintiff and its attorneys and cannot in good faith admit or deny the allegations of ¶17.

18.     Denied.

19.     Denied.

20.     Admitted.

21.     Denied.

22.     Denied. Defendants Helir & Pascal Arlotta have no notice of any such lien.

23.     Denied.  Defendants Helir & Pascal Arlotta have no notice of any such lien.

24.     Denied.  Defendant Helir Arlotta has only been married once, that being to co-Defendant Pascal A. Arlotta, who waived interest in the property.  Furthermore, Defendant Helir Arlotta objects that Plaintiff's ¶24 contains a sentence fragment and is incoherent and incomprehensible.

<u>COUNTERCLAIM FOR VIOLATIONS OF SEC RULE 10b-5</u>

25.     Defendants Helir Arlotta and Pascal Arlotta hereby reallege the material factual statements and legal contentions contained in ¶¶1-24 above and incorporate the same by reference as if fully recopied and restated herein below.

26.     Defendants Helir & Pascal Arlotta file this their Counterclaim for Violations of SEC Rule 10b-5 as a Compulsory Counterclaim pursuant to Rule 13(a) of the Federal Rules of Civil Procedure in that their claims arise from the same transaction or occurrence as Plaintiff's suit against these Defendants.

27.     CONDITIONAL SEVERANCE OF COUNTERCLAIM, TO BE RETAINED IN THIS COURT ON THE BASIS OF FEDERAL JURISDICTION:  In the event of remand of Plaintiff's Complaint to State Court pursuant to this Court's Order to Show Cause or for any other reason,

Defendants pray that independent grounds for Federal Jurisdiction exist over this Counterclaim (both diversity of citizenship, with sufficient amount in controversy, AND federal question), and IF the Court should remand Washington Mutual's claim to State Court, in that Defendant Helir Arlotta properly paid her District Court Filing Fee upon timely removal, Defendants conditionally move and pray that this Court sever Defendants' counterclaim and retain this Counterclaim upon the docket of the U.S. District Court, where it can remain as an action independently to be resolved on the basis of Federal Jurisdiction and Diversity of Citizenship.

28.    When a Mortgagee receives a NOTE from a Mortgagor, it receives a tangible and marketable asset, namely a SECURITY (whether "security" be defined as a right to receive funds without provision of labor, goods, or services, or pursuant to the Uniform Commercial Code as adopted in Florida relating to "secured" transactions such as a purchase money mortgage).

29.    Plaintiff Washington Mutual Bank's own primary exhibit, attached to all versions of its Complaint---namely a copy of the "Adjustable Rate Mortgage…This Mortgage ("Security Instrument") … given on August 10, 1998."

30.    Defendants allege that Plaintiff Washington Mutual Bank, F.A., regularly purchase or otherwise "acquire" or "originate" notes such as that given by Plaintiffs on August 10, 1998 and then sell such acquired or originated notes in commerce either separately or in securitized bundles with providing any actual notice or meaningful credit (for the sale of their notes) to the grantors or creators of such notes, such as the Defendants and Counterclaimants in this case.

31.    Plaintiff Washington Mutual Bank, F.A., by selling and securitizing the note given on August 10, 1998, by Helir and Pascal A. Arlotta, had already recovered (i.e. been paid fair market value) any investment it had made in the Arlotta's note, and thus had thereafter and

currently has no "injury standing" or "personal stake" (as a "corporate person" within the meaning of the 14th Amendment).

32.     A Mortgagor pledges additional tangible assets by way of a Deed of Trust, but if the Mortgagee sells the note, Mortgagor owes NO obligations to the Mortgagee and Mortgagee's right to collect any funds from Mortgagor is extinguished.

33.     Plaintiff Washington Mutual Bank, F.A., is such a mortgagee; Helir and Pascal A. Arlotta are such mortgagors; Plaintiff Washington Mutual Bank, F.A., has NO legal title to nor equitable interests in Helir & Pascal A. Arlotta's asset (the note which Defendants "gave", "made" or otherwise created at the behest of ["originator"] Plaintiff Washington Mutual Bank, F.A., and it is now time to correct the long chain of SECURITIES fraud as well as FRAUD IN THE INDUCEMENT which Plaintiff Washington Mutual Bank, F.A, committed and perpetrated against Defendants Helir & Pascal A. Arlotta.

34.     Defendants Helir & Pascal A. Arlotta thus accordingly now file this their Counterclaim pursuant to Section 10b-5 of the Securities and Exchange Act of 1934, which prohibits anyone:

> **(a) To employ any device, scheme, or artifice to defraud,**
> **(b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or**
> **(c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.**

35.     Defendants Helir & Pascal A. Arlotta contend that the securitization of notes by mortgagees is a deceptive and misleading device, scheme, and artifice to defraud mortgagors such as themselves, in violation of Rule 10b-5, and that Plaintiff Washington Mutual Bank, F.A., must be held liable for violations of the securities laws of the United States.

36.     Defendants also here counterclaim for Declaratory Judgment pursuant to 28 U.S.C. §§2201-2202 which expressly permits a court to construe, declare, and interpret the rights, obligations, and other legal relations of the Defendants and Plaintiff Washington Mutual Bank, N.A., under the Securities Laws of the United States and Florida, with regard to real estate mortgage notes ("Security Instruments") such as Defendants gave to Washington Mutual Bank, F.A., on August 10, 1998.

37.     Defendants ask this court to examine and hear all the facts relating to Washington Mutual Bank's status or lack of status as holder in due course of Defendants' August 1998 note, and upon final trial-by-jury, demand for which is hereby made, that upon the jury's findings, this U.S. District Court declare the rights and other legal relations of the Plaintiff, Defendants, and any and all other interested parties.

38.     Defendants ask this court to grant all such further relief as may be necessary and proper, including injunctive relief based on the findings or declaratory judgment or decree resulting from the trial of this case, against Washington Mutual Bank and in favor of Defendants after these parties' rights have been determined by such judgment.

39.     Defendants Counterclaim for Damages in a minimum amount of $150,000.00 for Plaintiff Washington Mutual Bank's violations of SEC Rule 10b-5 in connexion with the purchase and sale of their note or "security instrument" created at Plaintiff's behest in 1998, plus pre- and post-judgment interest and punitive damages as allowed by law.

40.     Defendants move and request an award of their costs and attorneys' fees, if they are forced to employ and retain an attorney in defense of Washington Mutual's claim or prosecution of Defendants' Counterclaim herein presented, as allowed by law.

## PRAYER FOR RELIEF

41.     Defendants pray that Plaintiff Washington Mutual Bank, F.A., take NOTHING by its

suit, reserving their right to file Motions pursuant to FRCP Rules 11, 12(b), and 56 as may be

appropriate.  Defendants further pray that this Court will allow their Counterclaim to proceed to

a final trial-by-jury, demand for which is hereby made in accordance with the Seventh

Amendment to the United States Constitution and 28 U.S.C. §§1861 *et seq.*.

42.     Defendants Helir Arlotta moves and prays that this Court will accept and record this their

First Amended Answer to Plaintiff's Second Amended Complaint as well as their Counterclaim

alleging Violations of SEC Rule 10b-5 and upon final trial-by-jury will deny the relief sought in

Plaintiff's Second Amended Complaint in all respects and enter Judgment in favor of the

Defendants awarding damages for their Counterclaim.    IF the Court should remand Washington

Mutual's claim to State Court, in that Defendant Helir Arlotta properly paid her District Court

Filing Fee upon timely removal, Defendants conditionally move and pray that this Court sever

Defendants' counterclaim and retain this Counterclaim upon the docket of the U.S. District

Court, where it can remain as an action independently to be resolved on the basis of Federal

Jurisdiction and Diversity of Citizenship.

43.     Furthermore, Defendants pray that Plaintiff Washington Mutual and Co-Defendant Sun

Trust be required to appear and file before this Court and not merely to ignore and disrespect

Helir Arlotta's Properly Filed and Served Notice of Removal in disregard of Federal Law and the

Rules of Civil Procedure and of this Court.

        Signed and executed on this Tuesday, December 26, 2006.


                                        _____
                                        PASCAL A. ARLOTTA, Defendant, *pro se*

*Helir & Pascal A. Arlotta's First Amended Answer to Washington Mutual's Second Amended Complaint*          9
*and Counterclaim for Violations of SEC Rule 10b-5*

HELIR ARLOTTA, Defendant, *pro se*
6102 Valleyview Drive
Lago Vista, Texas 78645
      Telephone:    512-267-5144
      Alternative:   727-493-4369
  E-mail:      helirarlotta@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the above-and-foregoing Defendants Helir & Pascal Arlotta's First Amended Answer and Counterclaim for Violations of SEC Rule 10b-5 was served on the attorney of record for Plaintiff Washington Mutual Bank, FA, namely:

KAREN THOMPSON
MARSHALL C. WATSON, P.A.
1OO NE 49th Street, Suite 120
Fort Lauderdale, Florida 33309

by First Class U.S. Mail and **facsimile transmission to (954) 771-6052**

And on the attorneys for SunTrust Bank:

AMY S. TINGELY & Micah M. Ripley
Stovash, Case, & Tingley, P.A.
Sun Trust Center
200 South Orange Avenue, Suite 1200
Orlando, Florida 32801

By First Class U.S. Mail and **facsimile transmission to (407) 316-8969** on this Tuesday, December 26, 2006.

HELIR ARLOTTA, Defendant *pro se*

PASCAL A. ARLOTTA