

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE (BROWARD COUNTY DIVISION)

CASE NO. 06-61762-CIV-DIMITROULEAS
Magistrate Judge Seltzer

WASHINGTON MUTUAL BANK, F.A.,
    Plaintiff,

v.

HELIR ARLOTTA, PASCAL A. ARLOTTA,
JOHN DOE & JANE DOE AS UNKNOWN
TENANTS IN POSSESSION OF THE PROPERTY,
    Defendants.

<u>RULE 24(b)(2) MOTION TO INTERVENE and
CONDITIONAL MOTION TO SEVER INTERVENTION IF
WASHINGTON MUTUAL BANK'S COMPLAINT IS REMANDED</u>

1.    Intervenor CHARLES EDWARD LINCOLN files this motion to intervene as a party-Defendant as authorized by Federal Rule of Civil Procedure 24(b)(2), and Conditional Motion to Sever Intervention if Washington Mutual Bank's Complaint is Remanded.

2.    Plaintiff is Washington Mutual Bank, F.A., which claims an interest in a note executed by Defendant Helir Arlotta, who is my son's godmother, a dear member of my family, and very close friend.

3.    Intervenor has the right to intervene in this lawsuit under Fed. R. Civ. P. 24(a)(2) because Intervenor has a substantial legal interest in the subject matter of this lawsuit which interest may be impaired without intervention.

4.    Intevenor further can show that this Court possesses an independent basis for jurisdiction over his intervention under 28 U.S.C. §1332(a) because there is complete diversity of citizenship between Intervenor (a long-time resident of Texas) and Plaintiff Washington Mutual and all other Defendants, and the amount in controversy (the value of a condominium unit in Century

Village West, Deerfield Beach, Florida, significantly exceeds $75,000.00, according to appraisal by comparable units).

5. Intervenor has the right to intervene at least in part, because he expected to be and should in fact have been named and served as a Defendant.

6. It can fairly be said that Intervenor, in fact, triggered the present lawsuit because on or about October 1, 2006, Intervenor notified Washington Mutual Bank that Helir Arlotta had deeded him the property, and Intervenor made a conditional offer to pay Helir Arlotta's balance in full on the SOLE condition that Washington Mutual Bank show itself to be the holder in due course of Helir Arlotta's note.

7. It is nothing short of astounding that within less than six weeks of this letter, Washington Mutual Bank filed suit to reinstate the note (and coincidentally for foreclosure) BUT, having been provided with a copy of Helir Arlotta's Deed to Intervenor Charles Edward Lincoln, dated on or about August 9, 2006, failed to name or serve notice to Charles Edward Lincoln of this lawsuit, even after several amendments (all adding additional defendants), despite the fact that Helir Arlotta confirmed the deed to Intervenor by separate communications with Washington Mutual Bank.

8. Obviously, the present parties Plaintiff to this suit show no inclination to protect Intervenor's interest, since Washington Mutual hopes that Charles Edward Lincoln will simply go away and disappear, Charles Edward Lincoln has no choice but to intervene in this lawsuit.

9. Intervenor further joins in Helir Arlotta's conditional motion pursuant to FRCP Rule 42(b) to sever his own claims along with Helir and Pat Arlotta's Counter-claim if the Court should order remand of the foreclosure issue to State Court, and Charles Edward Lincolns stands ready to pay whatever filing fees are necessary to maintain this case, and the Counterclaim of

Helir Arlotta, in Federal Court if remand is granted; obviously, Intervenor would also seek, pursuant to Rule 42(a), to Consolidate his Intervention with Helir & Pat Arlotta's Counterclaim against Washington Mutual Bank if remand and severance of Federal Question issues is judged to be necessary.

10. Intervenor's motion to intervene in this lawsuit is timely in that Helir and Pat Arlotta have filed their First Amended Answer and Counterclaim for Violations of SEC Rule 10b-5 less than a month ago, and Plaintiff WASHINGTON MUTUAL BANK, in this case is only now joining with Defendant SUNTRUST BANK in supporting a remand to state court, which is dependent upon the Court ignoring the total amount in controversy between Washington Bank PLUS Suntrust Bank which much more closely approximates the true value of the property.

11. An appraisal of the property has been ordered but not delivered, and will be available for filing with the Court within one week (e.g. Tuesday January 16, 2007, owing to the Martin Luther King Holiday on Monday January 15, 2007); the appraisal will in fact be delivered not later than Wednesday, January 18, 2007, allowing time for overnight delivery.

12. Pursuant to the permissive interpretation of Rule 24(c) regarding pleading-in-intervention provided by the Supreme Court in *Arizonans for Official English v. Arizona*, **520 U.S. 57, 117 S.Ct. 1055, 1064 (1997),** Intervenor moves and requests that this Court grant this Motion to Intervene and allow Intervenor fifteen days/one fortnight, (i.e. until Wednesday, January 24, 2007), to file his Pleadings, which will consist of an Answer and Counterclaim in Intervention.

13. Providing this time will permit Washington Mutual Bank to amend its pleadings or otherwise explain why (despite having been provided with a copy of the Deed and Power of Attorney Granted by Helir Arlotta to Charles Edward Lincoln), Washington Mutual Bank, F.A., failed or fails or refused or refuses to name Charles Edward Lincoln as a party to this lawsuit.

## CONCLUSION AND PRAYER FOR RELIEF

Intervenor Charles Edward Lincoln asks the court to grant his Motion to Intervene as a party-Defendant and Counterclaimant against Washington Mutual Bank, F.A., and further asks this Court to allow Intervenor a fortnight or 15 days, that is until Wednesday, January 24, 2007, to file his pleadings, by way of an Answer-in-Intervention and Counterclaim.  If the United States District Court should decide to remand Washington Mutual Bank's Complaint to State Court, Intervenor conditionally moves (conditional upon remand) to sever his Intervention and Consolidate his intervention with Helir & Pat Arlotta's Counterclaim against Washington Mutual Bank for violations of SEC Rule 10b-5.

Signed and executed on this Monday, January 8, 2006 (Battle of New Orleans Anniversary), and

RESPECTFULLY SUBMITTED:

BY: CHARLES EDWARD LINCOLN, III
*Intervenor, pro se*
6102 Valleyview Drive
Lago Vista, Texas 78645

Telephone:   (512) 267-5144
Cell Phone:  (512) 971-1191
Facsimile:   (512) 918-9589
E-mail:      charles.e.lincoln@att.net

CERTIFICATE OF SERVICE

      I hereby certify that I served a true and correct copy of the above-and-foregoing Charles Edward Lincoln's Rule 24(b)(2) Motion to Intervene and Conditional Motion to Sever Intervention was served on the attorney of record for Plaintiff Washington Mutual Bank, FA, namely:

KAREN THOMPSON
MARSHALL C. WATSON, P.A.
1OO NE 49th Street, Suite 120
Fort Lauderdale, Florida 33309

by First Class U.S. Mail and **facsimile transmission to (954) 771-6052**

And on the attorneys for SunTrust Bank:

AMY S. TINGELY & Micah M. Ripley
Stovash, Case, & Tingley, P.A.
Sun Trust Center
200 South Orange Avenue, Suite 1200
Orlando, Florida 32801

By First Class U.S. Mail and **facsimile transmission to (407) 316-8969** on this Monday, January 8, 2007 (Battle of New Orleans Anniversary Day).

                                              _____
                                              CHARLES EDWARD LINCOLN, *pro se*
                                              6102 Valleyview Drive
                                              Lago Vista, Texas 78645

                              Telephone:    (512) 267-5144
                              Cell Phone:    (512) 971-1191
                              Facsimile:     (512) 918-9589
                              E-mail:        charles.e.lincoln@att.net